**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GEORGE S. YOUNG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2924-G** |
| | ) | |
| **MICHAEL MILLER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff George S. Young, a state prisoner proceeding pro se, brings suit alleging violations of his civil rights under 42 U.S.C. § 1983. United States District Judge Charles B. Goodwin referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Currently before the Court is Plaintiff's Application for Leave to Proceed in Forma Pauperis ("IFP"). Doc. 6 ("Application"). For the reasons set forth below, the undersigned recommends that the Court deny Plaintiff's Application.

### I. Analysis

Courts have discretion in deciding whether to grant a civil litigant permission to proceed IFP. 28 U.S.C. § 1915(a); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). "To succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312 (citation modified). After considering the Application, the undersigned finds Plaintiff has not shown a financial inability to pay the required filing fees.

When an action is commenced, a plaintiff must pay a filing fee or the action may be subject to dismissal without prejudice. LCvR3.2; 28 U.S.C. § 1914(a). The required filing

fee for a civil rights action, such as the one brought by Plaintiff, is $405.00.[1] The financial information included with the Application shows Plaintiff has a current account balance of $939.89. Doc. 6 at 3; Doc. 6-1 at 1.

Because Plaintiff has more than $405.00 in his institutional account(s), he has the funds necessary to pay the required $405.00 filing fee.[2] Accordingly, the undersigned finds that Plaintiff has not established an inability to pay the filing fee and, as such, cannot succeed on his application to proceed IFP. *See Lister*, 408 F.3d at 1312 (stating that a litigant "must show a financial inability to pay the required filing fees" to proceed IFP); 28 U.S.C. § 1915(a)(1) (stating that a court may grant a litigant the ability to proceed in a civil case without the prepayment of fees if the litigant establishes that he "is unable to pay such fees"); *see also Lay v. Okla. Dep't of Corr.*, 746 F. App'x 777, 779 (10th Cir. 2018) (holding a district court did not abuse its discretion in denying IFP when a "[prisoner's] inmate-savings statement reflected a $550.67 balance" as "that balance sufficed to prepay the $400 district court filing fee" (citation modified)).

[1] The total filing fee includes (1) a base fee of $350.00 and (2) an administrative fee of $55.00 for any person not granted IFP status. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

[2] Under Oklahoma law, funds in a prisoner's mandatory savings account may be used to pay the costs of federal filing fees. Okla. Stat. tit. 57, § 549(A)(5); *see also Todd v. Att'y Gen. of Okla.*, 377 F. App'x 832, 834 (10th Cir. 2010) ("Under Oklahoma law, . . . funds [in an inmate's mandatory savings account] may be used to pay the costs of federal filing fees." (citing § 549(A)(5))).

## II. Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that the Court **DENY** Plaintiff's Application. Doc. 6. The undersigned further recommends that the Court dismiss this action without prejudice to refiling unless Plaintiff pays the full filing fee of $405.00 within 21 days of any order adopting this Report and Recommendation. *See* LCvR3.3(e).

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than December 10, 2026. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 19th day of November, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE